**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PIPE FITTERS LOCAL UNION** ) | **CASE NO. 1:19CV2919** |
| **NO. 120 INSURANCE FUND, et al.,** ) | |
|          **Plaintiffs,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
|          vs. ) | **OPINION AND ORDER** |
| ) | |
| **COLEMAN SPOHN CORPORATION,** ) | |
| ) | |
|          **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiffs' Motion (ECF DKT #8) for Default Judgment and related filings. For the following reasons, the Entry of Default is vacated and Plaintiffs' Motion for Default is denied.

**I. BACKGROUND**

Plaintiffs Pipe Fitters Local Union No. 120 Insurance Fund, *et al.* initiated this lawsuit against Defendant Coleman Spohn Corporation on December 18, 2019. On December 30, 2019, Plaintiffs filed their First Amended Complaint (ECF DKT #4), alleging claims against Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145 and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186

for delinquent contributions, dues, assessments, liquidated damages, sufficient bond, attorney's fees, interest and costs.

On January 21, 2020, upon Plaintiffs' Application, default was entered against Defendant by the Clerk of Court.

On April 21, 2020, Plaintiffs filed their Motion for Default Judgment.  (ECF DKT #8).

On May 6, 2020, counsel entered an appearance on behalf of Defendant, filed an Answer to the Amended Complaint (without leave) (ECF DKT #10) and submitted a Response Brief (ECF DKT #11) asserting all payments due to Plaintiffs have been made in full.

On May 13, 2020, Plaintiffs filed a Reply Memorandum (ECF DKT #13), arguing damages are still due, as well as the obligation to post a surety bond in the increased amount of $200,000.00.

On May 15, 2020, Defendant moved for leave to respond to the Reply.  (ECF DKT #14).

The Court cautions Defendant that leave must be obtained before filing any pleadings or motions out-of-rule.  However, upon consideration of all the parties' filings, the Court determines that it will treat Defendant's Response Brief (ECF DKT #11) as a Motion to Vacate the Entry of Default under Fed.R.Civ.P. 55(c).

## II. LAW AND ANALYSIS

**Setting aside an entry of default**

Pursuant to Fed.R.Civ.P. 12(a)(1)(A), a defendant must serve an answer within twenty-one days of being served with a summons and complaint unless service is waived.

Under Fed.R.Civ.P. 55(a), the clerk must enter a default when a party fails to defend an action as required. However, Fed.R.Civ.P. 55(c) grants the Court the authority to set aside an entry of default for "good cause."

In *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990), the Sixth Circuit opined:

> The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default. While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c).

"[J]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir.1983). "[M]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion" to set aside an entry of default judgment. *Id.* The Sixth Circuit has stated, "in general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency* 595 F.3d 318, 322 (6th Cir. 2010).

"In determining whether good cause exists, the district court must consider: '(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a

Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986).

Defendant has a valid defense of accord and satisfaction. Defendant contends that all contributions, penalties, interest, costs and fees have been paid in full. Plaintiffs counter that tardy payments have been made, but only through April 28, 2020. (ECF DKT #13, p. 3).

Defendant asserts that it has never completely defaulted on its monetary obligations to Plaintiffs under their Collective Bargaining Agreement. However, timeliness has been an issue and Defendant has paid late fees and interest as a result.

Defendant disputes the amount of the bond it should be required to post to secure its payment obligations.

Plaintiffs contend that late payment penalties are still owed, at least in the amount of $696.79. Moreover, the increased bond of $200,000.00 is provided for in the Funds' Trust Agreements which were incorporated into the parties' Collective Bargaining Agreement. In sum, Plaintiffs allege that Defendant is liable for failure and refusal to pay the Funds on a timely basis and an award of damages is warranted.

The Court finds that Defendant has put forward a meritorious defense. Clearly, the amounts due and the security bond required are in genuine dispute. The only prejudice Plaintiffs will suffer is the inability to proceed immediately to judgment by default.

### III. CONCLUSION

Therefore, pursuant to Fed.R.Civ.P. 55(c), and in keeping with the policy of deciding cases on their merits, the Court finds that there is good cause to set aside the entry of default. The Entry of Default (ECF DKT #6) is vacated.  Plaintiffs' Motion (ECF DKT #8) for Default Judgment is denied.  Defendant's Motion (ECF DKT #14) for Leave to file a response to Plaintiffs' Reply is denied as moot.

The parties shall meet and confer and file their Rule 26 Report of the Parties' Planning Meeting by July 1, 2020.

**IT IS SO ORDERED.**

**DATE: May 28, 2020**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**